**IN THE UNITED STATES DISTRICT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

STATE FARM FIRE & CASUALTY CO.
ONE STATE FARM PLAZA
BLOOMINGTON, IL  61710
    **Plaintiff,**

  **v.**

COWAY USA, INC.
4221 WILSHIRE BOULEVARD, SUITE 210
LOS ANGELES, CA  90010
    **Defendant.**

**CIVIL ACTION NO.:**

## COMPLAINT

Plaintiff, State Farm Fire & Casualty Company ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendant, Coway USA, Inc. ("Defendant"), complaining against it as follows:

### PARTIES

1. Plaintiff is an Illinois corporation with its principal place of business at the above-captioned address.

2. At all relevant times, Plaintiff was authorized to provide in Pennsylvania the insurance described herein.

3. At all relevant times, Plaintiff provided – via an in-force policy – homeowner insurance to Mikyung Kim ("subrogor") in connection with his residential property at 1 Haymarket Lane in Bryn Mawr, Pennsylvania ("subject property").

4. As a result of claims made on said policy in connection with the incident described below, Plaintiff became subrogated to certain recovery rights and interests of subrogor, i.e. for monies paid per the policy, including the claims asserted in this action.

5.     Upon information and belief, Defendant is a California corporation with its principal place of business at the above-captioned address

6.      Upon further information and belief, Defendant was at all relevant times engaged in the business of manufacturing, assembling, inspecting, testing, selling, distributing, marketing, installing and/or delivering bidets such as the bidet at issue in this action ("the product").

## JURISDICTION AND VENUE

7.     Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

8.     Venue is proper in this district based on 28 U.S.C. §1391(b) in that the events giving rise to this claim occurred in this district.

## STATEMENT OF FACTS

9.     Plaintiff incorporates by reference the preceding paragraphs as though set forth at length here.

10.    Prior to April 4, 2021, Defendant designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and/or otherwise placed into the stream of commerce bidets such as the product; said bidets were intended for use by domestic consumers for the ordinary purposes associated with bidets.

11.    Prior to April 4, 2021, subrogor purchased the product from Defendant's store in New Jersey; concurrently with making said purchase, subrogor formed with Defendant a contract to deliver and install the product, which Defendant did.

12.    Prior to April 4, 2021, subrogor operated the product in the normal, ordinary and intended manner, as well as for its normal, ordinary and intended purposes.

13.     On or about April 4, 2021, a loss occurred at the subject property due to a malfunction of the product that caused it to leak water.

14.     The leak resulted in substantial damage to subrogor's property, as well as the imposition of other consequential and incidental damages (including clean-up costs, repair, and other associated expenses).

15.     At all relevant times (i.e. prior to and/or during its final use,) the product was not modified, changed, altered or abused by subrogor.

16.     At all relevant times, Defendant knew and intended that its bidets – including the product – would be used by members of the public, and knew of the specific uses, purposes and requirements to which such bidets would be put.

17.     Defendant designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and/or otherwise placed into the stream of commerce the product, including its component parts, in a dangerous and defective condition, which catastrophically failed due to a defect and/or malfunction of the product itself, and/or in its installation.

18.     As a result of the above-mentioned leak and consequent damages, subrogor made claims on the above-described policy; Plaintiff paid these claims consistent with the policy's terms and conditions in an amount in excess of $280,000.00.

19.     Plaintiff thereby became subrogated to certain of subrogor's recovery rights and interests, including the claims being pursued in this action.

## COUNT I – NEGLIGENCE

20.     Plaintiff incorporates by reference the preceding paragraphs as though set forth at length here.

21.      Defendant owed a duty of reasonable care to subrogor in regard to, *inter alia*, the

assembly, testing, inspection, marketing, sale, distribution, delivery, and installation of the product; as described herein, Defendant breached said duty, which breach caused damages to subrogor.

22.     The above-described damages subrogor suffered were the direct and proximate result of negligence and/or other unlawful conduct of Defendant – by and through its employees, agents, technicians, contractors, suppliers and/or servants – more specifically described as follows:

   a.   failing to manufacture, inspect, sell, distribute, market, assemble, deliver and/or install a properly functioning and defect-free bidet, which after reasonable and foreseeable use malfunctioned and/or otherwise catastrophically failed;

   b.   failing to manufacture, inspect, sell, distribute, market, assemble, deliver, and/or install the product and its components properly and free of defects;

   c.   failing to determine that the product was not in a safe condition and free of all material defects, which after reasonable and foreseeable use catastrophically failed and/or malfunctioned;

   d.   manufacturing, inspecting, selling, distributing, marketing, assembling, delivering, and/or installing the product when Defendant knew or should have known that it was unsafe and unfit for its intended use;

   e.   manufacturing, inspecting, selling, distributing, marketing, assembling, delivering, and/or installing the product when Defendant knew or should have known that it would be inadequate for the reasons for which it was purchased;

   f.   manufacturing, inspecting, selling, distributing, marketing, assembling, delivering, and/or installing the product, despite it having unreasonably dangerous components that caused it to catastrophically fail and/or malfunction;

   g.   manufacturing, inspecting, selling, distributing, marketing, assembling, delivering, and/or installing a dangerously defective bidet that Defendant knew or reasonably should have known exposed subrogor to an unreasonable risk of harm;

   h.   failing to properly and adequately manufacture, inspect, sell, distribute, market, assemble, test, deliver, and/or install the product and its components prior to introducing it into the stream of commerce and/or installing it;

    i.      failing to provide adequate and sufficient warnings and/or use and/or installation instructions with respect to the product, which rendered it defective and unreasonably dangerous; and/or

    j.      manufacturing, inspecting, selling, distributing, marketing, assembling, delivering, and/or installing the product in a defective condition because its components failed, rendering it hazardous and dangerous for its contemplated and intended use.

23.    As a direct and proximate result of the above-described negligence, and such negligence having resulted in the damages subrogor sustained, Defendant became liable to subrogor.

24.    By operation of the above-described insurance payments Plaintiff made to subrogor for said damages, Plaintiff became subrogated to recover on certain damages suffered by subrogor; thus, Defendant is ultimately liable to Plaintiff for the damages described herein.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $280,000.00, plus costs incident to this suit, delay damages, and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – STRICT LIABILITY

25.    Plaintiff incorporates by reference the preceding paragraphs as though set forth at length here.

26.    Defendant is engaged, and at all relevant times was engaged, in the business of designing, manufacturing, assembling, inspecting, testing, selling, distributing, marketing, installing, and/or otherwise placing into the stream of commerce (*inter alia*) bidets such as the product, and specifically did design, manufacture, assemble, inspect, test, sell, distribute, market, install, and/or otherwise place into the stream of commerce the product.

27.     In so doing, Defendant designed, manufactured, assembled, inspected, tested, sold, distributed, marketed, installed, and/or otherwise placed into the stream of commerce the product in a defective condition, unreasonably dangerous to subrogor and his property.

28.     Defendant knew or should have known that the product would, and did, reach subrogor without substantial change in the condition in which originally selected, sold and installed.

29.     The aforementioned defects consisted of:

a.     design defects;
b.     manufacturing defects;
c.     component defects;
d.     installation defects;
e.     use and/or installation instructions and/or warnings defects; and/or
f.     a failure to warn of the design, manufacturing, and/or component defects, and/or properly provided warning and/or safe-use instructions.

30.     These defects, unreasonable and they were, caused subrogor's herein-described damages.

31.     For these reasons, Defendant is strictly liable to subrogor pursuant to Section 402A of the Restatement (Second) of Torts, as well as Pennsylvania's applicable statutory and case law.

32.     By operation of the above-described insurance payments Plaintiff made to subrogor for said damages, Plaintiff became subrogated to recover on certain damages suffered by subrogor; thus, Defendant is ultimately liable to Plaintiff for the damages described herein.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $280,000.00, plus costs incident to this suit, delay damages, and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – BREACH OF WARRANTIES

33.     Plaintiff incorporates by reference the preceding paragraphs as though set forth at length here.

34.     At the time of manufacturing, testing, inspecting, assembling, selling, distributing, marketing, and/or installing the product, Defendant knew or had reason to know of the particular purpose for which it would be used, and knew that its skill and judgment were being relied upon to furnish a suitable product.

35.     Thus, given the foregoing counts, Defendant breached implied warranties of fitness for a particular purpose as set out in the Uniform Commercial Code ("UCC") and in 13 Pa. C.S.A. § 2-315 in that the product was not fit for the particular use for which it was intended.

36.     In addition, Defendant breached implied warranties of merchantability as set out in the UCC and 13 Pa. C.S.A. § 2-314 (c) in that the product was not fit for the uses for which it was intended.

37.     Defendant also breached any and all express warranties made or relating to the product that became part of the basis of the bargain for sale of the product in violation of the UCC and 13 Pa. C.S.A. § 2-313.

38.     Furthermore, Defendant breached the express and implied terms set out in the warranties enjoyed by subrogor at the time of coming to use the product, and/or any time subsequent thereto, including as to the installation not being performed in a workmanlike manner and/or with quality workmanship.

39.     Subrogor's above-described damages occurred as a direct and proximate result of Defendant's breach of the above-described warranties, including but not limited to implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.  § 2-

315 and § 2-314 (c), and as a result of its breach of expressed warrantees in violation of 13 Pa.

C.S.A. § 2-313, as well as the express and implied warranties set out in the warranties subrogor

enjoyed upon coming to use the product, and/or any time subsequent thereto.

40.     By operation of the above-described insurance payments Plaintiff made to

subrogor for the herein-described damages, Plaintiff became subrogated to recover on certain

damages suffered by subrogor; thus, Defendant is ultimately liable to Plaintiff for the damages

described herein.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount

in excess of $280,000.00, plus costs incident to this suit, delay damages, and attorney fees, as

well as for such other relief as this Honorable Court shall deem appropriate under the

circumstances.

## COUNT IV – BREACH OF CONTRACT

41.     Plaintiff hereby incorporates the allegations of the above paragraphs as though

fully set forth here.

42.     Based upon the delivery/installation contract existing between subrogor and

Defendant, Defendant expressly and/or impliedly promised that the activities it undertook in

connection with the product's delivery and installation would be done in a good and

workmanlike manner conducive to the creation of a habitable property.

43.     Pursuant to that contract, Defendant was impliedly and/or expressly obligated to

comply with all applicable federal, state and local laws, regulations and ordinances, as well as all

industry standards, customs and practices.

44.     To the extent it was reduced to writing, Plaintiff is not currently in possession of a

copy of the above-described contract; however, it believes that Defendant is in possession of it,

or that Defendant is in a superior position to obtain a copy thereof compared with Plaintiff; thus, Defendant is not prejudiced by Plaintiff's inability to append a copy thereof hereto.

45.    Based upon the facts and allegations stated herein, Defendant breached the contract.

46.    Subrogor performed all conditions precedent to recover based upon such breaches.

47.    By operation of the above-described insurance payments Plaintiff made to subrogor for the herein-described damages, Plaintiff became subrogated to recover on certain damages suffered by subrogor; thus, Defendant is ultimately liable to Plaintiff for the damages described herein.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant in an amount in excess of $280,000.00, plus interest, costs of suit, delay damages, and such other relief as this Honorable Court deems appropriate under the circumstances.

**de LUCA LEVINE LLC**

BY:    ___*/s/ Daniel J. de Luca*_____
DANIEL J. de LUCA,
Attorneys for Plaintiff
PA ATTY I.D. NO.: 74727
301 East Germantown Pike, 3rd Floor
East Norriton, PA  19401
Ph: 215-383-0081
Fx: 215-383-0082
ddeluca@delucalevine.com

**Dated:** September 2, 2022